COMMONWEALTH vs. HENRY W. BURDING.

A complaint for selling liquors in violation of *St.* 1852, c. 322, § 7, need not nega-tive the excepted cases, in which the sale would be lawful, nor need it aver to whom the penalty, if recovered, would go under section 8 of the same statute. Section 7 of the *St.* of 1852, c. 322, is not unconstitutional.

A magistrate residing in the town, entitled to the penalty under section 8 of *St.* 1852, c. 322, nevertheless has jurisdiction of an offence committed in that town.

THOMAS, J. This was a complaint in the police court of Salem for the sale of intoxicating liquor, in violation of the seventh section of the *St.* of 1852, c. 322. It was carried by appeal to the court of common pleas. In that court, certain objections were made to the proceedings which were over-ruled. The case comes before us upon exceptions to the rul-ings of the presiding judge.

1. The defendant says that the complaint is insufficient in form and substance. No special defect has been pointed out. The failure to enumerate the exceptions in the statute cannot be relied on. Not being in the enacting clause, they make no part of the description of the offence. *Commonwealth* v. *Hart* 11 Cush. 130.

2. It is said that the complaint does not state to whom the penalty is to go. It is not necessary that it should ; that is no part of the judgment.

3. It is said that the law is unconstitutional. No objection to the constitutionality of this, the seventh section has been stated. The section is within the principle and policy of stat-utes whose validity has often been affirmed.

4. The last objection is, that the police court of Salem had

no jurisdiction of the case, the justice of the court being an inhabitant and tax-payer of Salem, and as such, interested in the penalty.

We are of opinion, that section 8 of the *St.* of 1852, *c.* 322, was not intended to make any change in the jurisdiction of police courts and justices of the peace, nor a new distribution of jurisdiction. It is to be construed with reference to the statutes in force at the time, *reddenda singula singulis.* The proceedings are to be before a justice of the peace, where he has jurisdiction, and before the police court where that court has exclusive jurisdiction. By the Rev. Sts. *c.* 87, §§ 31–33, inclusive, it will be seen that the police court of Salem has such exclusive jurisdistion. See also *St.* of 1853, *c.* 57. Having such jurisdiction, it is not ousted by an infin itesimal interest in the penalty. See *Commonwealth* v. *Emery* 11 Cush. 406. *Exceptions overruled.*